GULF COAST CITRUS EXCHANGE v. ROUND LAKE SATSUMA PACKING HOUSE COMPANY, *et al.*

158 So. 292.
Division B.
Opinion Filed December 17, 1934.
Petition for Rehearing Denied January 10, 1935.

John C. *Wynn* and *James N. Daniel,* for Appellant;

*John H. Carter* and *John H. Carter, Jr.,* for Appellees.

BUFORD, J.—The appeal in this case is from final decree of foreclosure. The bill of complaint was filed in the name of Round Lake Satsuma Packing House Company, a corporation, for the use and benefit of certain named parties.

Section 2 of the bill alleges:

"This suit is one to foreclose a mortgage on real estate situate in Jackson County aforesaid and is brought by the plaintiffs for their own use and benefit, and for all other beneficiaries under the mortgage sought to be foreclosed, who are similarly situated."

Section 3 of the bill alleges:

"That on and prior to November 27, 1929, the user plaintiffs and others being members of Round Lake Satsuma Packing House Company, a corporation, and desiring the erection of a satsuma orange packing house at Round Lake aforesaid by the defendant, Gulf Coast Citrus Exchange, a corporation, which was to handle plaintiff's orange crops and did not have the money to erect a private packing house, advanced to the plaintiff, Round Lake Satsuma Packing House Company, the sum of $3,000.00 to loan the defendant, Gulf Coast Citrus Exchange, a corporation, with which to build a packing house, said loan to be secured by a mortgage on the property of the defendant at Round Lake aforesaid to said Round Lake Satsuma Packing House Company in said sum of $3,000.00. A list of those who advanced said sum, and the amount contributed by each is hereto attached, marked Exhibit "A" and is made and prayed to

be taken as a part of this bill of complaint. That the said sum of $3,000.00 was accepted by the Round Lake Satsuma Packing House Company in trust for the contributors aforesaid as the real parties at interest passing and adopting a resolution upon its minutes to that effect, and loaned same to the defendant, Gulf Coast Citrus Exchange, taking the latter's mortgage deed to certain real estate and improvements situated in Jackson County, Florida, described as follows:"

Then follows description of the property and other allegations showing right of foreclosure.

Exhibit "A" attached to and made a part of the bill is as follows:

EXHIBIT A

List of Members Round Lake Satsuma Packing House Company, Who Contributed to the Fund of $3,000.00 for Building the Packing House at Round Lake, Florida:

| Name | Address | Amt. Pd. |
| --- | --- | --- |
| J. D. Murphree | Troy, Ala. | $ 15.00 |
| Mrs. Allie M. Carroll | Troy, Ala. | 15.00 |
| A. C. McKinnon | Troy, Ala. | 15.00 |
| E. M. Shackelford | Troy, Ala. | 30.00 |
| E. F. Dunbar | Troy, Ala. | 215.00 |
| W. S. Sanders | Troy, Ala. | 15.00 |
| Compass Lake Groves Co. | Troy, Ala. | 60.00 |
| Charles Henderson | Troy, Ala. | 15.00 |
| M. D. Pace | Troy, Ala. | 15.00 |
| Sam A. Williams | Troy, Ala. | 15.00 |
| J. H. Wilkerson | Troy, Ala. | 15.00 |
| Ballard Bros. | Troy, Ala. | 40.00 |
| Ala.-Fla. Orange Grove Co. | Troy, Ala. | 150.00 |
| J. M. Murphree | Troy, Ala. | 15.00 |
| A. C. Ramsey | Troy, Ala. | 60.00 |

| Name | Address | Amt. Pd. |
|---|---|---|
| L. D. Rose | Troy, Ala. | 21.00 |
| H. T. McKinnon | Troy, Ala. | 25.00 |
| J. J. Whiddon | Dothan, Ala. | 24.00 |
| B. G. Farmer | Dothan, Ala. | 230.00 |
| N. D. Spann | Dothan, Ala. | 30.00 |
| M. L. Hanahan | Dothan, Ala. | 27.50 |
| Bessie Rainer Ford | Dothan, Ala. | 50.00 |
| C. L. Newton | Dothan, Ala. | 140.00 |
| F. T. Ussery | Dothan, Ala. | 28.50 |
| E. C. Porter | Dothan, Ala. | 75.00 |
| St. Andrews Bay Lmbr. Co. | Millville, Fla. | 180.00 |
| W. O. Wells | Alford, Fla. | 10.50 |
| H. W. Woolf | Panama City, Fla. | 26.00 |
| R. M. McEachern | Eufala, Ala. | 15.00 |
| C. W. Lockey | 1320 Empire Bldg., Birmingham, Ala. | 31.00 |
| M. W. Roberts | Headland, Ala. | 75.00 |
| S. R. Brackin | Headland, Ala. | 45.00 |
| J. C. Trawick | Round Lake, Fla. | 37.50 |
| Wight Nursery Co. | Round Lake, Fla. | 93.00 |
| L. J. Moister, Watts Bldg. | Birmingham, Ala. | 22.50 |
| Mrs. W. J. Dominey | Round Lake, Fla. | 15.00 |
| Mrs. C. C. Vann | Round Lake, Fla. | 18.00 |
| J. N. Singletary | Round Lake, Fla. | 48.00 |
| Tom Cain | Chipley, Fla. | 9.00 |
| Round Lake Satsuma Co. | Chipley, Fla. | 1033.50 |

$3000.00

"The above list is certified to by Wm. A. Sessoms.

"Wm. A. Sessoms, *Secy-Treas.*
"R. Lake Sat. Pack. House Co."

The bill was later amended to add as user plaintiffs specifically C. W. Lockey, L. J. Moister, Estate of B. G. Farmer, deceased, A. L. Farmer, B. G. Farmer, Jr., W. C. Farmer and A. K. Merrill and F. A. Flowers, Executors, and the Estate of E. C. Porter, deceased, Mrs. E. C. Porter, Administratrix, J. N. Singletary, Tom Cain and St. Andrews Bay Lumber Company, a corporation.

Motion was made to dismiss in effect upon the ground that all beneficiaries were not made user plaintiffs and that the mortgage attached to the bill of complaint shows upon its face that there is a mortgage "from the Round Lake Satsuma Packing House Co., a corporation, to Gulf Coast Citrus Exchange, a corporation," and not a trust mortgage. The motion was overruled.

The contention here is that necessary parties were not made parties to the suit. The bill shows by sufficient allegations that the mortgage was taken in the name of Round Lake Satsuma Packing House Company, a corporation, for the use of itself and other named contributors to the fund which was loaned to the mortgagor and that this corporation held the mortgage in trust for all the contributors. Therefore, the allegations were sufficient to show the right of the Trustee Mortgagee to either maintain the suit in its own name or in the name of itself and its co-contributors to the fund. A payment of the mortgage debt will discharge the mortgage and Round Lake Satsuma Packing House Company will be held to account to any contributors for his or their proportionate part of the proceeds of the mortgage.

The contention that the suit has not been brought in the name of Round Lake Satsuma Packing House Company is not tenable in view of the allegations contained in the bill of complaint and, therefore, the question attempted to be raised, that this is a suit brought by some beneficiaries of

a trust without showing that the Trustees had failed or refused to institute and maintain the suit, is not well founded.

The decree should be affirmed.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, J., concurs in the opinion and judgment.